851 P.2d 157

**CITY OF PHOENIX**

v.

**ARIZONA RENT–A–CAR SYSTEMS, INC.**

**No. TX 92–00263.**

Tax Court of Arizona.

May 4, 1993.

Phoenix City Atty. by Sandra K. McGee, Phoenix, for plaintiff.

Warner Angle Roper & Hallam P.C. by Peter Ambelang, Phoenix, for defendant.

## OPINION

SCHAFER, Judge.

This is an action brought by the City of Phoenix to recover privilege taxes it claims are due to it from Arizona Rent–A–Car Systems, Inc., also known as Budget, for the years 1986 through 1989.

### Facts

The facts are quite simple. Budget rents cars to temporary lessees. When the car leaves Budget's place of business, it has a full tank of gas and the driver promises to return the car with a full tank of gas or pay Budget to fill the tank. The City imposes a privilege tax on businesses that operate within the City. The amount of tax owed depends on the business done. In 1990, the City audited Budget and determined that it owed an additional $74,000 in privilege taxes. The City concluded that Budget's sale of gas to fill the tanks of returning motorists was part of its business of renting the cars and must be considered income of the business of renting. Budget filed an administrative appeal, a hearing was held, and the hearing officer concluded that the sales of gas were retail sales, not part of the business of renting, and reduced the privilege tax assessment to $28,000. The City then filed this action, contending that the sales of gas to returning customers are part of the business of renting and are not retail sales. Both parties have filed Motions for Summary Judgment. With this Opinion the Court grants Budget's Motion.

### Discussion

Section 14–450(a) of the Phoenix City Code places a tax on the business of "renting tangible personal property for a consideration" equal to 1.2% of the gross income

from that activity. "Gross income" is defined in § 14–200 of the code as the sum of the receipts from the rentals and any labor or service performed in connection with them. The City argues that selling gasoline to returning renters is an inextricable part of the rental business. To show this inseparability, the City points to the facts that Budget sells the gas only to its renters, Budget sells the gas only as part of the rental contract, there are no separate gas sales, Budget sells only to those renters who return the cars with less-than-full tanks, whether the tank is less-than-full is determined only by looking at the dashboard gauge, and a renter may purchase gas only from Budget if he returns with a less-than-full tank. Budget argues that it is in the business of renting, not selling gas, that only about 10% of its renters return with less-than-full tanks, renters are free to buy their gas anywhere before returning, Budget could refuse to accept a returned car when the tank is not full, and Budget merely accommodates their customers when they fill the tank.

The City cites *Ebasco Services Inc. v. Arizona State Tax Comm'n*, 105 Ariz. 94, 459 P.2d 719 (1969) as authority for its position. Ebasco was a contracting company that, in that particular case, performed design and engineering services, as well as contracting services, for its customer. The State Tax Commission sought to tax the design and engineering receipts as part of Ebasco's contracting business. The court said no, the design and engineering services performed by Ebasco were not services it "uniformly performed ... on any given project" and thus those services were not an integral part of Ebasco's contracting business and could not be taxed as part of it. *Ebasco*, 105 Ariz. at 98, 459 P.2d at 723. The City argues that from *Ebasco* it must be understood that any service a business uniformly performs is an integral part of that business and may be taxed as such. Refueling is an integral part of Budget's car rental business, says the City, and thus the receipts it gets from refueling some of its customers' cars must be counted as part of the rental business. But Budget's refueling of customer cars is not an integral part of the rental business. What is an integral part of the rental business is giving each customer a car with a full tank of gas; whether the prior customer or Budget fills the tank before supplying it to the next customer is only incidental to the rental business.

Budget cites *State Tax Comm'n v. Holmes & Narver, Inc.*, 113 Ariz. 165, 548 P.2d 1162 (1976) as helpful. Holmes & Narver was a design and engineering firm that performed construction services as "an adjunct to its professional design and engineering activities." *Holmes*, 113 Ariz. at 166, 548 P.2d at 1163. Its dispute with the State Tax Commission was the same as Ebasco's; whether its receipts from design and engineering services on a project were taxable as gross receipts from contracting. The court held that: (1) because it could be readily ascertained what part of the receipts was for design and engineering and what part was for construction; (2) because the design and engineering receipts were not inconsequential compared to the total amount of the project; and (3) because the design and engineering services were not incidental to the contracting business, the design and engineering receipts were not part of the contracting business for tax purposes. Budget argues that it satisfies this test because: (1) it is easy to ascertain what part of its business is for gasoline sales and what part is for rentals; (2) the amount of gasoline sold is not inconsequential; and (3) gasoline sales are not incidental to the rental business. Thus, the gas it sells to rental customers is not part of its rental business for tax purposes. The Court agrees with Budget. *Holmes* does appear to set up a three-part test. And although the Court may disagree with the *Holmes* court's use of the word "incidental" (it seems that it should have used the word "incident" [expected to arise in connection with] rather than "incidental" [a side occurrence]; see H.W. Fowler, "A Dictionary of Modern English Usage" [1950]), the import of the holding is clear: when the amount involved is not minimal, when it can be easily calculated, and when the service it relates to is not an integral part of

the main business, the main and ancillary services can be separated for tax purposes.

The Court holds then that the gas Budget sells to a returning rentee is not such an integral part of the rental transaction that the income from the sale is part of the rental business income. However, each sale is a sale of personal property and as such is subject to tax under another section of the Phoenix City Code, § 14–460. That section has exemptions, however, and gasoline is one of them. Phoenix City Code § 14–465(j). Thus, although Budget makes sales that are subject to tax, the sales are exempt from the tax.